THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE AMAZON.COM, INC. SHAREHOLDER DERIVATIVE LITIGATION | CASE NO. C22-0559-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion for voluntary dismissal without prejudice (Dkt. No. 55). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I.   BACKGROUND

This is a shareholder derivative action against nineteen current and former Amazon.com, Inc. directors and officers, seeking a remedy for their alleged breaches of fiduciary duties, waste of corporate assets, and unjust enrichment. (*See* Dkt. No. 40 at 2.)[1] On January 30, 2024, this Court granted Defendants' motion to dismiss in part for failure to plead demand futility under Federal Rule of Civil Procedure 23.1. (*See* Dkt. No. 53 at 14.) Importantly, though, the dismissal was <u>without</u> prejudice and with leave to amend within 30 days of the order. (*Id.*) The Court

---

[1] Amazon is named as the nominal defendant solely in a derivative capacity. (*See id.* at 53.) Accordingly, the Court refers to the individual defendants in this case as "Defendants."

further indicated that if Plaintiffs did not file an amended complaint curing the demand futility pleading infirmities within that period, a judgment would issue. (*Id.*) Rather than file an amended complaint, Plaintiffs now move for voluntary dismissal without prejudice. (*See* Dkt. No. 55.) Defendants oppose, arguing that the Court should grant dismissal <u>with</u> prejudice. (*See* Dkt. No. 56.)

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 23.1(c), a derivative action may be voluntarily dismissed "only with the court's approval." The dismissal may be granted "on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). This rule grants a broad range of discretion to the court without a "preference for one kind of dismissal or another." *Hargis v. Foster*, 312 F.3d 404, 407 (9th Cir. 2002). However, "[w]here the request is to dismiss without prejudice, '[a] District Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result.'" *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023) (alterations in original) (quoting *WPP Lux. Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058–59 n.6 (9th Cir. 2011)). Legal prejudice is a "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). It does not, however, arise from "the threat of future litigation." *Id.* at 96.

As an initial matter, Defendants' arguments seem to be centered around a misreading of the Court's order granting dismissal (Dkt. No. 53). Under their interpretation, Plaintiffs' failure to timely amend the complaint would result in a judgment granting dismissal <u>with</u> prejudice. (*See* Dkt. No. 56 at 3.) This is inconsistent with the plain language of the order, which dismisses the case <u>without</u> prejudice and merely delays the issuance of the judgment until after Plaintiffs' failure to amend the complaint within 30 days. (*See* Dkt. No. 53 at 14.) But the lapse of this 30-day period would not otherwise convert the Court's ruling to a dismissal with prejudice. Moreover, Defendants have not shown that a dismissal without prejudice would result in legal

ORDER
C22-0559-JCC
PAGE - 2

1  prejudice. As previously explained, the threat of future litigation does not, alone, constitute legal
2  prejudice. *See Fischman on behalf of Sempra Energy & S. California Gas Co. v. Reed,* 2017 WL
3  3337162, slip op. at 2 (S.D. Cal. 2017) (granting plaintiff's motion for voluntary dismissal
4  without prejudice under similar circumstances). And Defendants fail to put forth any other
5  reasonable basis for a determination of legal prejudice. (*See generally* Dkt. No. 56.)

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion to voluntarily dismiss this action without prejudice (Dkt. No. 55) is GRANTED.

DATED this 27th day of March 2024.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE